# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN G. HAGG, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:21-cv-00040-SPM |
| v. | ) |
| | ) |
| TARA TUBBESING, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of self-represented petitioner Brian G. Hagg's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

## Background

Petitioner is currently being held at the Northwest Missouri Psychiatric Rehabilitation Center in St. Joseph, Missouri. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). In the petition, petitioner states that he is challenging his criminal case, which is *State of Missouri v. Hagg*, No. 16LW-CR01420-01 (39th Jud. Cir., Lawrence County). He notes that he was not convicted in this case, but has been detained without a trial, due to his mental health. (Docket No. 1 at 2). Petitioner is seeking "release from [the] Department of Mental Health of Missouri." (Docket No. 1 at 14).

## Discussion

According to the information provided in the petition, and corroborated by the Court's review of petitioner's state court records, the case that petitioner is challenging arose in the Circuit

Court of Lawrence County, Missouri. He is currently being held in the Northwest Missouri Psychiatric Rehabilitation Center in St. Joseph, Missouri. Lawrence County is in the Southwestern Division of the Western District of Missouri, while St. Joseph is in the St. Joseph Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Pursuant to this section, the United States District Court for the Western District of Missouri has jurisdiction to hear this case. This is because the case that petitioner is challenging arose in the Western District, and because he is also being held in the Western District.

Additionally, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought. Transfer of this action is appropriate because petitioner's claims are based on a case arising in a circuit court located within the Western District of Missouri. The relevant records are thus located there. Furthermore, if a hearing is required, the Western District would be more convenient for witnesses.

As such, the Court will order that this case be transferred to the United States District Court for the Western District of Missouri. Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2), and motion for temporary restraining order (Docket No. 5) will remain pending, subject to review by the Western District.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this 21st day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE