# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN G. HAGG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:21-cv-00040-SPM |
| | ) |
| TARA TUBBESING, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on a motion for a temporary restraining order filed by petitioner Brian G. Hagg. For the reasons discussed below, the motion will be denied.

### Background

Petitioner is a self-represented litigant who is currently being held in the Northwest Missouri Psychiatric Rehabilitation Center in St. Joseph, Missouri. On January 8, 2021, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 21, 2020, the Court ordered petitioner's case to be transferred to the United States District Court for the Western District of Missouri. (Docket No. 6). The Court ordered the transfer because the case that petitioner was challenging arose in Lawrence County, which is in the Western District. Furthermore, petitioner was being held at a rehabilitation center in the Western District.

On January 25, 2021, petitioner filed a notice of appeal with regard to the Court's order to transfer. (Docket No. 7). Subsequently, petitioner submitted a document titled "Petition for Temporary Restraining and for a District Court of Three Judges for Preliminary and Permanent Injunction Orders." (Docket No. 12). This document was construed as a motion for a temporary restraining order. The motion, along with a supplement, sought an injunction to stop enforcement

of the phone rules; for an end to the labeling of people with mental illness; for the State of Missouri to stop ownership of peoples' thoughts; to stop the enforcement of Missouri statutes that keep people illegally confined; and to stop enforcement of the rule requiring a staff member to monitor internet use. (Docket No. 12 at 8-9).

## Discussion

As noted above, the Court ordered the transfer of this action to the Western District of Missouri on January 21, 2021. Before the physical transfer of the case, however, petitioner filed a notice of appeal. Once a case has been appealed, the issues before the appellate court should not be undermined or altered. *Liddell by Liddell v. Board of Educ. of City of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Here, petitioner has appealed the Court's order transferring this case to the Western District. Because an appeal divests the Court of jurisdiction, the Court will decline to do anything to undermine, alter, or modify the status quo of this case. Therefore, petitioner's motion for a temporary restraining order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for a temporary restraining order (Docket No. 12) is **DENIED**.

Dated this 5th day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE